CHARLES O. PEARSON, APPELLANT, v. NATIONAL EQUITABLE INVESTMENT COMPANY, RESPONDENT.

Argued February 17, 1928—Decided May 14, 1928.

For the appellant, *George W. McCarter*.

For the respondent, *Carey & Lane*.

The opinion of the court was delivered by

MINTURN, J. The suit was instituted by fifty purchasers of stock of the National Equitable Investment Company, and its predecessor, The Equitable Investment Company, but proceeded to trial by consent of counsel, under the court's direction as to the plaintiff alone. At the conclusion of the testimony, in behalf of the plaintiff, the trial court granted a nonsuit upon the ground of an absence of privity between the parties, as well as an absence of tender, upon the plaintiff's part, for the purpose of restoring the *status quo* of the parties.

The gravamen of the action was fraud and misrepresentation in the sale and purchase of the stock in reliance upon which the plaintiff paid upon the contract of purchase the sum of $4,975; that upon discovering the imposition, the plaintiff tendered back to defendant the stock thus purchased, and demanded the refund of his money. The evidence elicited the fact that the negotiations for the purchase of the stock were had with E. H. Spence & Company, and its agents, and not with the defendant, and that any representations that were made resulting in the sale and contract in question were made with E. H. Spence & Company, which company executed both the written subscription agreement and the written contract of sale. There was no proof that Spence & Company was the agent of the defendant, upon which liability of the defendant as principal could be predicated. Neither was there proof that the dividends received by the plaintiff, upon the stock, had been tendered with the stock to the defendant, so as to complete the legal act of rescission, and thus place the plaintiff in the legal status made necessary by the rule which requires a complete restoration of the legal *status quo ante,* as a condition precedent to a recovery by the vendee of the consideration paid.

We think that these undisputed facts, under the adjudications in this state, evincing the well-settled rule of law to which we have adverted, legally warranted the action of the trial court. In the absence of proof of a contractual relation existing between the parties hereto, as a basis for liability, as well as in the absence of proof of a complete tender not

only of the stock purchased, but of the added emoluments of profit received thereunder, the rule is settled that a legal rescission has not been completed, so as to warrant a recovery of the consideration paid. *Byard* v. *Holmes,* 33 *N. J. L.* 119; *Crosby* v. *Wells,* 73 *Id.* 790; *Roberts* v. *James,* 83 *Id.* 492.

The judgment appealed from will therefore be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, BLACK, KATZENBACH, CAMPBELL, LLOYD, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 14.

*For reversal*—None.